MARTIN A. LEA, MONROE RABETAILLE, AND CHARLES G. LANGDON, APPELLANTS *v.* ENOCH S. KELLY, APPELLEE.

A judgment was entered on a promissory note drawn by Kelly and others, in favour of Lea and others, in the Circuit Court of Alabama. Afterwards, Kelly, the appellee, filed a bill on the equity side of the Court, for the purpose of being relieved from the judgment at law obtained against him and two other persons, on the promissory note. The bill alleged fraud in the plaintiffs in the suit, and that the complainant had no notice of the suit, and had not authorized an appearance, or filed any plea in the same. The bill prayed for a perpetual injunction of proceedings on the judgment, and for general relief. The injunction was granted: and afterwards, on the appearance of two of the plaintiffs in the suit at law, the Circuit Court decreed, that, on the condition that the complainant, Kelly, appear and plead to the merits of the case, waiving the question of jurisdiction, and pay costs of the suit at law, and the proceedings in equity, a new trial be awarded to the complainant. Two of the plaintiffs in the suit at law, who had appeared to the bill, appealed to the Supreme Court, seeking to reverse this decree. Held, that the decree of the Circuit Court was merely interlocutory; and was not a final decree for which an appeal could be taken.

APPEAL from the Circuit Court of the United States, for the Southern District of Alabama.

Mr. Kee, for the appellees, moved to dismiss the appeal. He alleged that the decree of the Court, from which the appeal was prosecuted, was not a final decree.

Mr. Chief Justice TANEY delivered the opinion of the Court.

A motion has been made by the appellee to dismiss this case, upon the ground that the decree of the Circuit Court, from which the appeal has been taken, is not a final decree, within the meaning of the act of 1803, ch. 93;

It appears that a bill was filed against the appellants, in the Circuit Court of the United States, for the Southern District of Alabama, by Enoch S. Kelly, the present appellee; for the purpose of being relieved from a judgment at law in the said Court, obtained by the appellants against him and two other persons named in the proceedings, upon a promissory note signed by them, and purporting to be for the sum of five thousand dollars, upon which judgment and execution had issued.

The complainant charges in his bill, that the claim of the appellants against him is fraudulent, and he sets out fully the particular facts upon which he relies to prove the fraud; and avers that no process, save the execution, was served upon him in the suit at law, and that he had no notice that the suit was brought against him, until the execution was issued; that he entered no appearance to the suit, nor filed any plea in it, nor authorized any one to do it for him: and that if any attorney had done so, it was without the complainant's knowledge or consent; and prays that the appellants (who were made defendants in the bill) might be perpetually enjoined from proceeding against the complainant on said judgment; and also for general relief.

The injunction was accordingly granted by the Court; and afterwards, Lea and Langdon, two of the appellants, appeared and answered, denying all fraud and alleging that their claim against the appellee was fair and just.

It does not appear that Rabetaille, the other defendant, answered the bill; and, in this state of the proceedings, the Circuit Court, at April term, 1839, passed the following decree :—

"This day came the parties by their solicitors, and this cause coming on to be heard, upon the bill, answer, and exhibits, it is ordered, adjudged, and decreed, that, upon condition that the said Enoch S. Kelly, complainant, appear, plead to the merits of the case, and go to trial on the same at the next term of this Court, waiving the question of jurisdiction, and pay costs of the suit at law, and the proceedings in equity, a new trial be awarded to the said complainant."

It is from this order or decree that the present appeal has been taken: and it is evident that the order is merely interlocutory; and that no final decree has been passed in the case. The bill has not been dismissed, nor has the injunction been made perpetual. The new trial at law appears to have been directed to inform the conscience of the Court; and the bill retained, and the injunction continued, until the finding of the jury should be known. The suit in equity is therefore yet pending and has not been disposed of by final decree, and the appeal to this Court must be dismissed.